United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM-BULLOCK STEWART, | Case No.  22-cv-04683-AMO |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| VA MEDICAL CENTER, et al., | Re: Dkt. Nos. 23, 36, 37, 41 |
| Defendants. | |

This is a medical malpractice case.  Before the Court is the United States' motion to dismiss for lack of jurisdiction.  The matter is briefed and suitable for decision without oral argument.  Accordingly, the Court VACATED the hearing set for July 7, 2023.  *See* Civ. L.R. 7-6. Having read the parties' papers and carefully considered their arguments, together with the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** the motion for the following reasons.

I.     BACKGROUND

Plaintiff William-Bullock Stewart filed this action against 85 individual employees of the United States Department of Veterans Affairs ("VA") and the Palo Alto VA Medical Center ("VAMC"), alleging that he received medical treatment against his wishes at the VAMC in August 2021.[1]  ECF 1 ("Compl.").

//

//

---

[1] Plaintiff refers to himself in the Complaint as "H.I.&R.H. Prince William-Bullock: III, Stewart©, the natural living man."  Compl. at 11.  He lists 87 names in addition to VAMC, but he lists two names twice: "Defendant Caldwell, Jillian S.," and "Defendant Ji, Mengxi."  Compl. at 7.  This leaves 85 individual employees named in the Complaint.

United States District Court
Northern District of California

### A.     Factual Background

Plaintiff alleges that after he was admitted to the VAMC on August 15, 2021, for a gastric bypass surgery, he was misdiagnosed with a respiratory issue while he was sleeping, and he was "unnecessarily intubated and put on a respirator" despite having "informed hospital staff" that "he did not consent to intubation." Compl. at 12. In connection with this procedure, according to the Complaint, Plaintiff was given drugs that "paralyzed him," and he was "restrained with leather straps and a guard to prevent their removal." *Id.* Plaintiff describes this treatment as "torture" that continued for "approximately one week," and he asserts that unidentified "[m]edical authorities" undertook these acts "willfully and knowingly against Plaintiff's desire." *Id.* He was released from the hospital after two weeks, and he asserts that it "took almost a year" for him to recover. *Id.* at 12-13.

Plaintiff alleges that each of the 85 individual Defendants named in his Complaint "is an employee, agent, or contractor, to the VA Medical Center." Compl. at 3-9. Plaintiff does not specify that he sues these employees in their personal capacities. The Complaint does not describe the role of any of these individuals, or indeed identify any act or omission undertaken by any of the named VA employees, much less explain how each of the 85 different individuals was responsible for the alleged wrongful conduct. The employees have not been served in their personal capacities.

### B.     Procedural History

Plaintiff filed this action on August 15, 2022, against the VAMC and 85 individual Defendants. Although Plaintiff cites multiple jurisdictional bases for this action, the Complaint contains no separate causes of action and does not set forth the elements of any claim or otherwise connect the factual allegations to any legal theories that he is asserting. *See* Compl. at 9-10.

The United States (the "Government") filed a motion to dismiss the Complaint for lack of jurisdiction on May 22, 2023. ECF 23. In support of its motion to dismiss, the Government submitted the Attorney General's Scope of Employment Certification pursuant to Title 28 U.S.C. § 2679(d)(1), which confirms that the individuals named as Defendants were all employees of the VA for the purpose of the Federal Tort Claims Act ("FTCA") and were acting within the scope of

their employment at the time of the alleged incident giving rise to the Complaint. *See* ECF 22. The Government also submitted the Declaration of Ilsa Martinez, Representational Paralegal for the U.S. Department of Veterans Affairs charged with "processing, investigating, and adjudicating" FTCA claims filed with the agency, who certifies that the Government has no record of receiving an administrative tort claim from Plaintiff regarding the matters alleged in his Complaint. *See* Martinez Decl. ¶ 5 (ECF 24).

Plaintiff failed to timely file a response to the Government's motion to dismiss. The Court issued an Order to Show Cause why the motion should not be granted in light of Plaintiff's failure to oppose. ECF 28. Plaintiff filed a combined response to the order to show cause and opposition to Defendant's motion to dismiss on June 23, 2023. ECF 30.[2] Further, Plaintiff filed an objection to Defendant's motion to dismiss on July 11, 2023. ECF 33.

Plaintiff subsequently filed a First Amended Complaint ("FAC") on July 31, 2023.[3] ECF 35. Plaintiff then filed a motion for leave to exceed 25 pages in length for the already-filed FAC on August 4, 2023 (ECF 36),[4] and Plaintiff filed a motion for leave to submit a brief opposing the U.S. Attorney's representation of Defendants on August 7, 2023 (ECF 37; *see also* ECF 38). The Government filed a consolidated brief in opposition to both the filing of the FAC and Plaintiff's motion for leave to file a brief opposing the U.S. Attorney's representation. ECF 39. Finally, Plaintiff filed a motion to strike all pleadings filed by the U.S. Attorney made in representation of Defendants (ECF 41), which the Government timely opposed (ECF 44).

//

//

---

[2] In support of the brief, Plaintiff filed copies of his Social Security card, his state-issued identification, and various other certificates. ECF 30-2. The Court sua sponte sealed this docket entry to avoid public disclosure of Plaintiff's personal information.

[3] Plaintiff filed his First Amended Complaint well past the deadline to amend as of right, and he filed it without leave of court or consent of Defendant. *See* Fed. R. Civ. Pro. 15(a). In light of these deficiencies, the Court declines to consider the amended pleading.

[4] Civil Local Rule 7-2 imposes a page limit of 25 pages on motions, not complaints. The Court **TERMINATES** Plaintiff's motion for leave to file an amended complaint in excess of 25 pages. ECF 36.

## II.    DISCUSSION

The Court first considers the Government's motion to substitute the United States in place of VAMC and the individual Defendants named by Plaintiff in the Complaint.  After resolving the issue of substitution, the Court turns to the merits of the Government's motion to dismiss.

### A.    Substitution of the United States

As a preliminary matter, the Government argues that the individual defendants and the VAMC should be dismissed because Plaintiff's claims appear to arise under the Federal Tort Claims Act ("FTCA").  Plaintiff describes his Complaint as a "Complaint in Law for Physician Malpractice," and he seeks "monetary damages for physician malpractice [sic], deprivation of rights, battery, false imprisonment, emotional distress, and other associated violations of person" Compl. at 2.  Plaintiff does not enumerate any causes of action, and the substance of factual allegations in his Complaint appears to be a claim for medical malpractice and/or battery: he asserts that he was misdiagnosed and treated at the VAMC without his consent.  *See* Compl. at 12. This alleged conduct sounds in tort.

The FTCA is the sole means of bringing tort claims arising from injuries inflicted by federal employees acting within the scope of their employment.  28 U.S.C. § 2679(b)(1).  The Westfall Act "accords federal employees absolute immunity from common law tort claims arising out of acts they undertake in the course of their official duties."  *Osborn v. Haley*, 549 U.S. 225, 229 (2007).  As the Supreme Court explained in *Osborn*:

> When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose."  [Citation.]  Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee.  The litigation is thereafter governed by the Federal Tort Claims Act.

*Id.* at 229-30 (citing 28 U.S.C. § 2679(d)(1), (2)).  "The substitution leads, in effect, to a single avenue of recovery against the United States under the Federal Tort Claims Act."  *Wilson v. Horton's Towing*, 906 F.3d 773, 780-81 (9th Cir. 2018) (citation and quotations omitted); *see also*

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   *Hernandez v. Mesa*, 140 S. Ct. 735, 748 (2020) (describing the FTCA as "the exclusive remedy

2   for most claims against government employees arising out of their official conduct") (same).

3          Here, the United States requests an order substituting it as the party defendant pursuant to

4   Title 28 U.S.C. § 2679(d)(1) and dismissing the VAMC and the 85 individual Defendants from

5   this action with prejudice.  *See* ECF 23.  Along with its motion to dismiss, the United States

6   submits a certification from the United States Attorney's Office for the Northern District of

7   California, certifying that the individual defendants were acting within the scope of their

8   employment with the Postal Service at all times material to the incidents alleged in the Complaint.

9   *See* ECF 22.  This triggers the dismissal of the named defendants, the substitution of the United

10  States as a defendant, and the further litigation of these claims under the FTCA.  *See Osborn*, 549

11  U.S. at 229-30.

12         On August 28, 2023, Plaintiff filed a "Motion to Strike all Pleadings by US Attorney Made

13  in Representation of 87 Defendants" on the basis of a purported conflict of interest.  ECF 41.

14  Plaintiff contends that there are "multiple parties" in this case who cannot be represented without

15  "signed disclosure statements and waivers for representation from each defendant."  Plaintiff

16  misapprehends the effect of the Attorney General's Certification.  The Certification authority is

17  delegated by statute to the Attorney General, and the provision requires no notice to or consent by

18  the individually named defendants.  28 U.S.C. § 2679(d)(1), (2).  Following certification and by

19  function of statute, there is a single defendant remaining in the case: the United States.  The Court

20  **DENIES** Plaintiff's motion for leave to file a brief in opposition to the U.S. Attorney's

21  representation of the individual Defendants (ECF 37), and the Court **DENIES** Plaintiff's motion

22  to strike (ECF 41).  The Court **GRANTS** the Government's motion to substitute the United States

23  for all named Defendants.

24         **B.     Motion to Dismiss for Lack of Jurisdiction**

25         Having resolved Plaintiff's challenge regarding the proper Defendant in the case, the Court

26  next turns to the Defendant's motion to dismiss for lack of jurisdiction.  The Government argues

27  Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule

28

United States District Court
Northern District of California

5

1    12(b)(1) on the basis that Plaintiff failed to comply with the jurisdictional notice requirement of

2    the FTCA.  *See* 28 U.S.C. § 2675(a).

3           **1.**      **Legal Standard**

4          Federal district courts are courts of limited jurisdiction: "They possess only that power

5    authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*

6    *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).  Federal Rule of

7    Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter

8    jurisdiction.  A challenge to subject matter jurisdiction under Rule 12(b)(1) may be facial or

9    factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where the attack is

10   facial, the court determines whether the allegations contained in the complaint are sufficient on

11   their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true

12   and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490,

13   501 (1975).  Where the attack is factual, however, "the court need not presume the truthfulness of

14   the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039.  In resolving a factual dispute

15   as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the

16   complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy*

17   *v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any

18   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

19   jurisdiction").  Dismissal of a complaint without leave to amend should only be granted where the

20   jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316

21   F.3d 1048, 1052 (9th Cir. 2003).

22          **2.**      **Analysis**

23         The FTCA authorizes civil suits against the United States "for money damages . . . for

24   injury or loss of property, or personal injury . . . caused by the negligent or wrongful act . . . of the

25   Government," and it provides the exclusive mechanism for such a tort claim.  28 U.S.C.

26   § 1346(b).  "The Act operates as a limited waiver of sovereign immunity from suits for negligent

27   or wrongful acts of government employees." *Gonzalez v. United States*, 814 F.3d 1022, 1026 (9th

28   Cir. 2016); *see also Brownback v. King*, 592 U.S. 209, 211-12 (2021).  A district court cannot hear

United States District Court
Northern District of California

1   a suit against the United States unless the government has waived sovereign immunity. *F.D.I.C. v.*

2   *Meyer*, 510 U.S. 471, 475 (1994). "[T]he administrative claim requirements of Section 2675(a)

3   are jurisdictional in nature, and thus must be strictly adhered to." *Jerves v. United States*, 966

4   F.2d 517, 521 (9th Cir. 1992).

5        Before suing the United States under the FTCA, a claimant "shall have first presented the

6   claim to the appropriate Federal agency" and the claim "shall have been finally denied by the

7   agency in writing." 28 U.S.C. § 2675(a). A proceeding cannot be filed against the United States

8   without first filing a claim with the appropriate federal agency and "either receiving a conclusive

9   denial of the claim from the agency or waiting for six months to elapse without a final disposition

10  of the claim being made." *Jerves*, 966 F.2d at 519. "A court lacks subject matter jurisdiction over

11  a claim against the United States if it has not consented to be sued on that claim." *Balser v. Dep't*

12  *of Justice*, 327 F.3d 903, 907 (9th Cir. 2003). If a plaintiff does not exhaust administrative

13  remedies, the suit is barred. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). This rule holds true for

14  pro se plaintiffs. *Id.* ("We have never suggested that procedural rules in ordinary civil litigation

15  should be interpreted so as to excuse mistakes by those who proceed without counsel."). Thus,

16  this Court's jurisdiction to hear the instant case is limited by the terms of the United States'

17  consent to suit as outlined by the FTCA.

18       Here, the Complaint lacks any allegations that Plaintiff complied with the pre-suit

19  requirements of the FTCA, which would justify a facial challenge to jurisdiction from the

20  Government. The Government, however, advances a factual challenge to jurisdiction. In support

21  of its factual challenge, the Government presents evidence that it never received an administrative

22  claim from Plaintiff. Martinez Decl. ¶ 5 (ECF 24). The Government's declarant, Ilsa Martinez

23  from the National Torts Group of the VA's Office of General Counsel, describes how the VA

24  maintains a computerized database of administrative tort claims filed with the agency as part of its

25  ordinary course of operations. *Id.* ¶ 2. Upon conducting a computerized search of the tort claim

26  database, Martinez was unable to find any records of any administrative tort claim filed by

27  Plaintiff any representative of Plaintiff. *Id.* ¶ 5.

28

United States District Court
Northern District of California

1    Plaintiff contends that he submitted his administrative tort claim to the VA via Standard

2    Form 95, and he submits a portion of that document as well as a process server's proof of service

3    by mail.  *See* Pl.'s Obj. to Mot. Dismiss (ECF 33).  The Court interprets Plaintiff's Objection and

4    other opposition papers as an argument that the common law "mailbox rule" applies and that such

5    rule establishes a presumption that Plaintiff served the Standard Form 95 to satisfy the

6    administrative exhaustion prerequisite.[5]  However, the mailbox rule does not apply to

7    administrative claims under the FTCA in light of the necessarily strict interpretation of a waiver of

8    sovereign immunity.  *Vacek v. United States Postal Service*, 447 F.3d 1251-52 (9th Cir. 2006)

9    (concluding plaintiff suing the Postal Service under the FTCA had not provided adequate pre-suit

10   notice where plaintiff provided some evidence he had mailed a claim form, and the government

11   agency provided evidence that it had never received the forms) (following *Bailey v. United States*,

12   642 F.2d 344 (9th Cir. 1981)).  Moreover, the *Vacek* court held that the affidavit of a government

13   employee certifying non-receipt of the administrative claim was sufficient to establish that the trial

14   court lacked jurisdiction over the FTCA claim.  *Id.* at 1252 ("Assuming, without deciding, that

15   such a presumption may arise under federal law, it was amply rebutted by the affidavits presented

16   to the district court by the government.") (quoting *Bailey*, 642 F.2d at 347).  Thus, Plaintiff's

17   reliance on the mailed service of his Standard Form 95 is insufficient to establish that the VA

18   received his administrative tort claim.  Plaintiff's failure to establish that he exhausted his

19   administrative claim deprives this Court of subject matter jurisdiction.  Accordingly, the Court

20   must dismiss the case.

21   //

22   //

23

24   _____

25   [5] The Court does not consider Plaintiff's claim that his status as a "sovereign" puts him in "a higher standing than that of the United States."  ECF 30 at 2.  "[F]ederal courts have unanimously held that sovereign citizen arguments are meritless."  *In re Dominick*, No. 20-MC-80001-DMR, 2020 WL 1173505, at *2 (N.D. Cal. Feb. 20, 2020), report and recommendation adopted, No. 20-MC-80001-WHO, 2020 WL 1171082 (N.D. Cal. Mar. 11, 2020).  More importantly, regardless of Plaintiff's claims of sovereignty, this Court has no jurisdiction to entertain any claim against the United States or its agencies absent a waiver of the United States' sovereign immunity, and the terms and conditions of any waiver define the extent of this Court's jurisdiction.  *See U.S. v. Mitchell*, 445 U.S. 535, 538 (1980).

26

27

28

**III.     CONCLUSION**

For the reasons stated above, the Court **GRANTS** the Government's motion in full and **DISMISSES the case WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: August 13, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**